UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PRESCRIPTION DRUG CO-PAY
SUBSIDY ANTITRUST LITIGATION                                MDL No. 2370

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of Illinois action and two Eastern District of Pennsylvania actions moves to centralize this litigation in the Northern District of Illinois. This litigation currently consists of seven actions, as listed in Schedule A, pending in four districts: one in the Northern District of Illinois, and two each in the District of New Jersey, the Southern District of New York, and the Eastern District of Pennsylvania. The Panel has been notified of six additional related actions pending in the Southern District of Illinois, the District of New Jersey, and the Eastern District of New York.

In addition to the movant, the plaintiffs in five of the six potential tag-along actions also support centralization, albeit in the Southern District of Illinois or the District of New Jersey. All of the defendants oppose centralization.[1]

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although the actions share some common factual questions regarding allegations that the defendant pharmaceutical manufacturers have undermined the cost-sharing provisions of plaintiffs' health benefit plans through use of co-pay subsidy or coupon programs – essentially, defendants are alleged to have paid plan members' co-pays for name-brand medicines in a manner that effectively defrauds the health plans – these questions are not sufficiently numerous to justify Section 1407 transfer at this time. This is particularly so where, as here, each action involves a different pharmaceutical manufacturer and different co-pay subsidy programs. Each co-pay subsidy program is directed at one specific drug, which likely was prescribed by different physicians for use by different health plan members. Each alleged RICO enterprise involves different

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Defendants include Abbott Laboratories; Amgen, Inc.; AstraZeneca LP; AstraZeneca Pharmaceuticals, LP; Bristol-Myers Squibb Co.; GlaxoSmithKline, LLC; Merck & Co., Inc.; Novartis Pharmaceuticals Corporation; Otsuka America Pharmaceutical, Inc.; and Pfizer, Inc.

-2-

defendants and third-party program administrators. Individualized discovery and legal issues are likely to be numerous and substantial.

Unlike *In re Pharmacy Benefit Managers Antitrust Litig.*, 452 F. Supp. 2d 1352 (J.P.M.L. 2006), and *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d 1378 (J.P.M.L. 2002), upon which plaintiffs rely, no plaintiff here alleges that any of the defendants conspired or collaborated to develop and implement these co-pay subsidy programs. Indeed, plaintiffs take pains to state that they allege no such industry-wide conspiracy. Nor do the defendants' co-pay subsidy programs overlap between actions – *e.g.*, there is no action involving both Merck and Novartis products.[2] Placing multiple different defendants, many of whom are competitors, into the same action will inject additional and unnecessary complexity into this already complex litigation. The likely common discovery of third-party program administrators and pharmacies is insufficient to justify industry-wide centralization. Given the discrete number of parties and involved counsel, alternatives to centralization – such as coordination of discovery of the common third-parties – should minimize the potential for duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly and Co., (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Charles R. Breyer | |

---

[2] The two actions naming more than one defendant involve jointly-marketed pharmaceutical products and co-pay subsidy programs.

IN RE: PRESCRIPTION DRUG CO-PAY
SUBSIDY ANTITRUST LITIGATION                                    MDL No. 2370

## SCHEDULE A

<u>Northern District of Illinois</u>

New England Carpenters Health and Welfare Fund v. Abbott Laboratories,
    C.A. No. 1:12-01662

<u>District of New Jersey</u>

Plumbers and Pipefitters Local 572 Health and Welfare Fund v. Novartis
    Pharmaceuticals Corp., C.A. No. 2:12-01403
Plumbers and Pipefitters Local 572 Health and Welfare Fund v. Merck & Co., Inc.,
    C.A. No. 3:12-01379

<u>Southern District of New York</u>

American Federation of State County and Municipal Employees District Council 37 Health
    & Security Plan, et al. v. Amgen, Inc., et al., C.A. No. 1:12-02237
American Federation of State County and Municipal Employees District Council 37 Health
    & Security Plan, et al. v. Bristol-Myers Squibb Co. et al., C.A. No. 1:12-02238

<u>Eastern District of Pennsylvania</u>

New England Carpenters Health and Welfare Fund v. GlaxoSmithKline LLC,
    C.A. No. 2:12-01191
New England Carpenters Health and Welfare Fund v. AstraZeneca, Inc.,
    C.A. No. 2:12-01192